UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY W. MCKINLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1062 JCH |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Stanley McKinley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed July 18, 2008 (Petition for Writ of Habeas Corpus, "Petition," Doc. No. 1). The matter is fully briefed and ready for disposition. Because this Court finds McKinley's claims inadequate on their face and the record accurately contradicts the factual assertions upon which the claims are based, this Court decides this matter without an evidentiary hearing.

## **BACKGROUND**

On September 29, 2003, Petitioner pled guilty to burglary charges, was sentenced to 50 years. As part of Petitioner's plea agreement, his 50 year sentence was suspended and probation was imposed, subject to complete revocation if Petitioner violated the conditions of probation. (Petition, p. 2; Petitioner's Exhibit #7, Doc. No. 1-2, p. 3). In November of 2004, Petitioner was released from the Department of Corrections and placed on probation for five (5) years. (Petitioner's Exhibit #7, Doc. No. 1-2, p. 3). After serving two (2) years of his probation, Petitioner was arrested on burglary and stealing charges in August of 2005. (Suggestions in Support, Doc. No. 1-1, p. 5).

On October 27, 2005, the 21st Judicial Circuit held a probation revocation hearing. Police officer Detective Reiter testified regarding his investigation and subsequent arrest of Petitioner for burglary and stealing. (Transcript of Probation Revocation Hearing, "Transcript" or "Tr.," Doc. No. 1-3, pp. 1, 16-47). He also testified about witnesses he interviewed that formed the basis of the arrest, including two witnesses who positively identified the Petitioner as the burglar. (Id.) Petitioner's counsel objected to this testimony on the grounds of hearsay and "violation of Mr. McKinley's Constitutional rights as guaranteed by the Fourth, Fifth, and 14th Amendment in regard to 14A of the Constitution." (Id., pp. 5, 27, 31). Overruling the objections, the court revoked Petitioner's probation finding that the burglary and stealing arrest constituted a violation of his probation. (Tr., Doc. No. 1-3, p. 48). Petitioner's probation was revoked on October 27, 2005 and the original 50 year sentence was imposed. (Motion to Reinstate Probation, Doc. No. 1-1, pp. 3-4).

On November 2, 2006, Petitioner filed a "motion to reinstate probation" with the 21st Judicial Circuit. (Motion to Reinstate Probation, Doc. No. 1-1, pp. 3-4). The court denied the motion on November 30, 2006, stating "that nothing contained in the instant Petition causes the Court to find that the relief sought is necessary or appropriate." (Judgment, Doc. No. 1-1, p. 15). Petitioner then filed an appeal of the denial of his motion to reinstate to the Missouri Court of Appeals Eastern District. (Petitioner's Exhibit # 5, Doc. No. 1-2, p. 1). Because the court expressed a lack of clarity regarding whether they had jurisdiction, Petitioner withdrew his appeal on January 26, 2007 "for fear of being prejudiced from filing further litigation." (Petition, p. 6; Petitioner's Exhibit # 5, Doc. No. 1-2, p. 1; Petitioner's Exhibit # 3, Doc. No. 1-1, p. 16). The Missouri Court of Appeals Eastern District subsequently dismissed the appeal on February 26, 2007, declining to state whether the dismissal was with or without prejudice. (Petitioner's Exhibit # 3, Doc. No. 1-1, p. 16). Petitioner then filed a Writ of Habeas Corpus with the 19th Judicial Circuit on December 3, 2007. (Petitioner's

Exhibit # 8, Doc. No. 1-2, p. 5). After reviewing the Order to Show Cause and the response, the Court denied the petition on March 10, 2008. (Id.) Subsequently, on July 18, 2008, Petitioner filed this federal writ of habeas corpus.

Petitioner raises seven grounds for affording habeas corpus relief under § 2254:

(1)    At the probation revocation hearing, the court improperly admitted hearsay evidence over the objection of counsel.

(2)    The court revoked Petitioner's probation because of new criminal conduct but Petitioner was never charged for those offenses and they were later dropped.

(3)    Petitioner was deprived of his Sixth Amendment right when the victim, witnesses, and reporting officer of the alleged burglary were not present at the revocation hearing.

(4)    Petitioner was denied the right to confront and cross examine both the witnesses and accusers.

(5)    The court did not issue a written statement of the evidence relied on for revoking his probation.

(6)    The judge at the probation revocation hearing was biased.

(7)    The judge at the probation revocation hearing failed to consider alternatives to incarceration.

Petition, pp. 7-9; Response to Order to Show Cause ("Response"), Doc. No. 15, p. 5.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 407 (2000) ("[A] state-court decision involves an unreasonable application of [Supreme Court] precedent if the state court identifies the correct governing legal rule from [Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.").

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." Cagle v. Norris, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting Mitchell v. Esparaza, 540 U.S. 12, 15-16 (2003)). A state court's decision may be based on an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings to do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). "Federal law, as determined by the Supreme Court," is restricted to "the holdings, as opposed to the dicta" of decisions. Williams, 529 U.S. at 412. The Supreme Court has cautioned that § 2254 (d)(1) "restricts the source of clearly established law to [Supreme] Court jurisprudence." Id. Accordingly, in a habeas corpus proceeding, "a federal court's review of alleged

due process violations stemming from a state court conviction is narrow." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995).

## DISCUSSION

A. **Petitioner's Motion is Time-Barred**

   1. Petitioner Failed to File his Habeas Corpus Petition Within One Year of His State Court Conviction Becoming Final

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a state prisoner seeking habeas corpus relief must file the petition within one year of a state conviction becoming final. 28 U.S.C. § 2244 (d)(1). A state conviction becomes final when the first of the following occur: (a) the direct review is concluded, or the time for seeking such review expires; (b) any impediment to "filing an application created by State action in violation of the Constitution or laws of the United States is removed"; (c) the Supreme Court recognizes a new, retroactively applicable constitutional right; or (d) the "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id.

For statute of limitations purposes, the state conviction becomes final when probation is revoked. Davis v. Purkett, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003); § 2244(d)(1). "No appeal may be taken from a revocation of probation; instead, errors in probation revocation proceedings may be contested by the appropriate writ." State v. Engle, 125 S.W.3d 344, 345 (Mo. Ct. App. 2004). As probation revocation is not subject to direct review, "habeas corpus . . . is the only state remedy available to challenge the revocation procedure itself." Davis, 296 F. Supp. 2d at 1029, n. 1 (citing State v. Stewart, 148 S.W.3d 671, 672 (Mo. Ct. App. 2000)).

Petitioner's state court judgment became final on October 27, 2005 when his probation was revoked, as the revocation was not subject to direct review. (Tr., Doc. No. 1-3). Absent statutory or equitable tolling, the limitations period to file a writ of habeas corpus ran on October 30, 2006.

Petitioner did not file the writ of habeas corpus with the State until December 2, 2007, approximately one year past the expiration of the statute of limitations. (Petitioner's Exhibit #8, Doc. No. 1-2, p. 5). Because the Petition was filed one year beyond the statutory limitation the Petition is time-barred by § 2244(d) and will be denied.

    2.    Petitioner's Petition was not Tolled

        a.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" § 2244(d)(2). In other words, any time during which state collateral review is pending is statutorily tolled and not included in the "one year limitation period." Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006). The state review must be "properly filed" to toll the statute of limitations. § 2244(d)(2). A probation revocation is not appealable, and any motion to appeal probation revocation is invalid and not a properly filed state collateral review. Davis, 296 F. Supp. 2d at 1030. Accordingly, an appeal of probation revocation does not toll statutory time limits under § 2244(d). Davis, 296 F. Supp. 2d at 1030.

The Court finds Petitioner is not entitled to any statutory tolling. Petitioner did not file any motions that qualify as "properly filed application(s) for State post conviction or other collateral review" under § 2244(d)(2). Even if the motion to reinstate probation was a properly filed application for review, the motion was filed November 2, 2006, after the statutory limitation time period passed. (Petitioner's Exhibit #1, Doc. No. 1-1, p. 3). Thus, as the Petition was filed approximately one year beyond the statutory limitation, it is time-barred. § 2244(d).

b. Equitable Tolling

§ 2244(d) may be subject to equitable tolling in appropriate cases. A litigant is entitled to equitable tolling if 1) "he has been pursuing his rights diligently," and 2) "some extraordinary circumstances stood in his way [to filing the habeas petition]." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The petitioner bears the burden of establishing entitlement to equitable tolling. Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). "To support equitable tolling, there must be extraordinary circumstances beyond the petitioner's control that made filing a timely habeas petition impossible or when the respondent's conduct lulled the petitioner into inaction." Davis, 296 F. Supp. 2d at 1031 (citing Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Sobberi v. Denney, No. 4:09CV1369, 2009 U.S. Dist. LEXIS 95941, at *2 (E.D.Mo. Oct. 14, 2009) (quoting Shoemate, 390 F.3d at 598). Equitable tolling should be used infrequently, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Davis, 296 F. Supp. 2d at 1031 (citing Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002)).

The Court finds the Petitioner is also not entitled to equitable tolling. Nothing in the record suggests that any extraordinary circumstances stood in the way of Petitioner filing the writ of habeas corpus. Petitioner merely offers a cursory statement claiming that "he does meet these said requirements under equitable tolling" without giving further explanation. (Petitioner's Denial and Traverse, Doc. No. 16, p. 3). Petitioner claims he is ignorant of the law as a pro se litigant. Ignorance of the law, however, does not trigger equitable tolling. Shoemate, 390 F.3d at 598. Petitioner is not entitled to statutory or equitable tolling. Petitioner's §2254 Motion is denied.

**B.     Petitioner Failed to Exhaust His Administrative Remedies**

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in 28 U.S.C. §2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, ...thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (U.S. 2004)(citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (citing Duncan v. Henry, 513 U.S. 364, 365-66, 130 L. Ed. 2d 865, 115 S. Ct. 887 (1995)).

Upon review of the petition, the Court finds no indication that petitioner has previously presented his habeas corpus claims to a Missouri state appellate court.[1] Petitioner merely filed a habeas corpus petition with the 19th Judicial Circuit. (Petitioner's Exhibit #8, Doc. No. 1-2). "In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction." Carter v. Blake, No.

---

[1] Petitioner, however, was not required to appeal his habeas corpus petition to the Missouri Supreme Court. See Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002); Missouri Supreme Court Rule 83.04 ("[T]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for the purposes of federal habeas corpus review.").

4:10-CV-366, 2010 U.S. Dist. LEXIS 40671, at *2 (E.D. Mo. Apr. 26, 2010) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). The State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. "When a petitioner fails to exhaust state remedies in a habeas corpus action it is not necessary or proper for the federal court to retain jurisdiction." Nottlemann v. Welding, 861 F.2d 1087, 1088 (8th Cir. 1988) (citing 28 U.S.C. § 2254(b)); see O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (failure to present federal habeas claims to the state supreme court in a timely fashion resulted in a procedural default of those claims). The Petition is dismissed for Petitioner's failure to exhaust state remedies.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Stanley McKinley's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED**, and his claim is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this 29th day of July, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE